UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEVIN CLASH, | ) | |
| | ) | |
| Plaintiff, | ) | 3:08CV 517 |
| | ) | |
| vs. | ) | CAUSE NO. _____ |
| | ) | |
| CITY OF SOUTH BEND and | ) | |
| CORI BAIR/JOHN DOE | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.     This is a civil action seeking damages against the Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impending and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.   The Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

2.     The Court also has jurisdiction under 28 U.S.C. § 1331.

3.     Plaintiff Kevin Clash ("Clash") is a citizen and resident of the City of South Bend, State of Indiana, and the United States of America.

4.     Defendant City of South Bend is a Municipal Corporation, organized under the laws of the State of Indiana.

5.     Defendant Cori Bair or John Doe ("Bair") is a Police Officer employed by the City of South Bend.

6.     Plaintiff sues Defendant Bair in both his individual and official capacities.

7.     At all times material to this Complaint, Defendant Bair acted under the color of the statutes, customs, ordinances and usage of the State of Indiana, City of South Bend and the South Bend Police Department.

1

<u>COUNT I</u>

8.     On November 6, 2006, Clash was driving his truck home when he noticed a police car with sirens following him.

9.     Clash drove at least several blocks to his house and exited his vehicle.

10.    When Clash exited his vehicle he was ordered by several South Bend Police Officers to halt and to spread his arms across his vehicle with his back turned to the officers.

11.    Clash immediately complied with this demand by the South Bend Police Officers.

12.    While Clash was in this submissive position, Officer Bair drove up and quickly exited his vehicle.

13.    Officer Bair proceeded to taser Clash while Clash was maintaining the above submissive position on his vehicle with his hands on the vehicle and his feet spread apart with his back to the Officers.

14.    Clash was not in any manner, method or way resisting arrest or threatening the other South Bend Police Officers.

15.    Officer Bair tasered Clash without any provocation or justification.

16.    Clash fell to the ground in pain, shock and disbelief.

17.    Clash was then handcuffed by the South Bend Police Department and taken to the St. Joseph County Jail.

18.    Clash was subsequently charged by the St. Joseph County Prosecutor's Office with Resisting Law Enforcement, a Class D Felony, and with Driving Under the Influence, a Class A misdemeanor.

19.    Clash subsequently plead guilty to these charges and received a ten day jail sentence in January of 2007, together with a license suspension.

20.    As a direct and proximate result of his treatment by Defendant Bair, Clash experienced physical pain and injury.

21.    As a direct and proximate result of his treatment by Defendant Bair, Clash experienced mental pain, anguish, embarrassment and humiliation.

2

22.     As a result of this concerted, unlawful and malicious abuse of Clash, Defendants intentionally, or with deliberate indifference and callous disregard of Clash's rights, deprived Clash of his right to equal protection of the laws, and impeded the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

23.     At all time relevant to this Complaint, Defendant Bair, as a police officer of the South Bend Police Department, was acting under the direction and control of Defendant City of South Bend.

24.     Acting under color of law and pursuant to official policy or custom, the City of South Bend, knowingly, recklessly, or with deliberate indifference and callous disregard of Clash's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant Bair in his duties to refrain from:  (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; (3) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful; (4) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Indiana; and (5) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

25.     Defendant City of South Bend had knowledge or, had they diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.  Defendant City of South Bend had power to prevent or aid in preventing the commission of these wrongs against Clash and could have done so by reasonable diligence, knowingly, recklessly, or with deliberate indifference and callous disregard of Clash's rights failed or refused to do so.

3

26.    Defendant City of South Bend, directly or indirectly, under color of State law, also approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Bair heretofore described.

27.    As a direct and proximate cause of the acts of the Defendants as set forth, Clash suffered physical injury  and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Kevin Clash demands judgment against Defendant the City of South Bend for compensatory damages and further demands judgment against Defendant Bair for compensatory and punitive damages; plus the costs of this action, attorney fees, and all other relief as the Court deems just and equitable.

Respectfully submitted,

Martin McCloskey (f.h.)
Martin McCloskey #26091-20
Attorney for Plaintiff
301 W. Nappanee St. Suite B
Elkhart, IN 46514
(574) 370-2412

Jay Lauer #8705-71
Attorney for Plaintiff
105 E. Jefferson Blvd., Suite 220
South Bend, IN 46601
(574) 288-5562

Plaintiff, by counsel, requests the Court for a trial by jury.

Jay Lauer

4